Michael E. JOHNSON

v.

Anthony J. PRINCIPI, Acting Secretary of Veterans Affairs, Appellee.

No. 91–726.

United States Court of Veterans Appeals.

Nov. 9, 1992.

Michael P. Horan, Washington, D.C., was on the brief, for appellant.

James A. Endicott, Jr., Gen. Counsel, David T. Landers, Acting Asst. Gen. Counsel, R. Randall Campbell, Deputy Asst. Gen. Counsel, and Deborah H. Singleton, Washington, D.C., were on the pleadings, for appellee.

Before KRAMER, FARLEY and HOLDAWAY, Associate Judges.

HOLDAWAY, Associate Judge:

This appeal is from a Board of Veterans' Appeals (BVA or Board) decision that denied entitlement to service connection for disability arising from two laminectomies (surgery of the vertebra for disc disorders); an increased evaluation for a currently rated low back disability; a temporary total evaluation based on hospitalization; and service connection for a personality disorder. The Court will affirm the BVA decision as to the personality disorder and remand for further adjudication and, if deemed appropriate, an examination to determine the relationship, if any, between the service-connected low back injury and the subsequent disc disorder which resulted in the laminectomies. Since that issue is intertwined with the "temporary total" claim, that issue will also be remanded.

## BACKGROUND

The appellant served on active duty from May 1974 until September 1975. His military occupational specialty was as a wireman. During his period of service there was one documented fall from a pole while he was performing his wireman duties; this resulted in medical treatment. He has claimed, at various times, other falls but they are not documented by medical records. In addition, he was in an automobile accident which resulted in medical treatment. His service medical records are replete with references to treatment for chronic back pain. After his discharge in 1975, he filed a claim for disability and was ultimately successful in obtaining a service-connected rating for the residuals of the lower back injury suffered during his service. This was initially rated at 10% and in 1978 raised to 20%. X-rays taken in 1976, 1978, and 1979 disclosed no abnormalities of the spine or back. In 1979, for the first time, appellant filed a claim for a "nervous condition" and "depression" he felt were a direct result of his back problem. The latter claim was denied at the Regional Office (RO) and, apparently, no appeal was taken. In 1984, the appellant suffered a back injury in an industrial accident and, within a short time after the accident, had his first laminectomy. This operation was not wholly successful, and therefore, a second laminectomy was performed in 1988. Both of these operations were performed in private hospitals. Because of the increased disability arising from the disc disorders and the operations to correct them, the appellant then filed a claim for an increased rating for his service-connected back condition and attempted to reopen his claim for a "mental" condition he avers is connected to his back condition. These latter claims, including one for a temporary total disability, are the subjects of the present appeal.

## BVA DECISION

The BVA found that the low back injury suffered in the service almost ten years before the first operation, "in and of itself" did not require the laminectomies. *See Michael E. Johnson*, BVA 90–29676 (Dec. 18, 1990). The decision noted the industrial injury sustained shortly before the first laminectomy. Although not precisely concluding that this injury was the proximate and precipitating cause of the laminectomy, the decision certainly implied as much. The claim as to the mental condition was disposed of as a personality disorder that is not a ratable disability under the law. *See* 38 C.F.R. § 4.127 (1991). However, the

Board did refer the psychiatric claim, insofar as it was alleged to be secondary to the service-connected condition, to the RO for further development. As to the claim for temporary total disability based on hospitalization, the BVA simply concluded that the hospitalization was for non-service-connected conditions (the mental condition and the degenerative disc condition) and as such did not meet the criteria for temporary total disability. *See* 38 C.F.R. § 4.29 (1991).

## ANALYSIS

As to the claim for a mental condition, the Board was clearly correct in concluding that there was no evidence of a ratable mental disability. Whatever mental problems and depression the appellant suffers from are described in the medical evidence in terms of a personality disorder. Such defects are considered congenital and developmental and are specifically excluded from the list of mental defects or diseases that are ratable. 38 C.F.R. § 4.127 (1991).

Next, as to the claim for the disability arising out of the laminectomies, the essence of the appellant's argument is that his back problems have been continuous since his service and that the injury, or injuries, suffered in the service necessitated the operations, notwithstanding the industrial injury to his back. The BVA, in concluding otherwise, did not point to any independent medical evidence in finding that the service injury "in and of itself" did not necessitate the surgery. The Board simply noted the proximity of the first laminectomy to the industrial accident and implied that the accident necessitated the operation. That very well may be the correct medical conclusion but there is no requisite independent medical evidence of record to support it. *Colvin v. Derwinski,* 1 Vet. App. 171 (1991). On the other hand, neither is there medical evidence to show that the service injury was the precipitating cause of the surgery. In fact, as noted, x-rays in 1976, 1978, and 1979 disclose no spinal or back abnormalities. However, we are judges, not medical doctors. It is not within our competence to medically deter-

mine which injury, the service or non-service, caused the laminectomies. Perhaps they both contributed in greater or lesser degree. If so, that needs to be explained also. In any event, it is medical evidence that is lacking in this case; the BVA's decision is deficient in not having an independent medical foundation to support it. *Colvin,* 1 Vet.App. at 175. The Court, therefore, remands for proceedings consistent with this opinion, to include a medical examination if that is deemed appropriate by the Board. The claim for temporary total disability is necessarily dependent, in this case, on the ultimate decision as to whether the disc disorder is service-connected. Since we are remanding the case for further adjudication of that issue, the "temporary total" claim will have to be remanded as an inextricable part of that claim. That portion of the decision concerning a "mental disorder" is affirmed, although we note again that this particular claim, in another guise, is being adjudicated at the RO. Our action in no way, of course, affects that adjudication.